GARY M. RESTAINO
United States Attorney
District of Arizona
ADAM D. ROSSI
Assistant U.S. Attorney
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: adam.rossi2@usdoj.gov
Attorneys for Plaintiff

FILED

2024 JUN 26  PM 3: 16

CLERK US DISTRICT COURT
DISTRICT OF ARIZONA

CR24-03895 TUC-RM(MSA)

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | **I N D I C T M E N T** |
|---|---|
| Plaintiff, | Violations: |
| | 18 U.S.C. §§ 922(a)(1)(A), 923(a)(3), and 924(a)(1)(D) |
| vs. | Engaging in the Business of Dealing Firearms Without a License |
| | Count 1 |
| Steven Samuel Jung Rubin, | |
| Defendant. | 26 U.S.C. §§ 5841, 5845(a)(1), 5861(d), and 5871 |
| | (Possession of an Unregistered Firearm, a Short-Barreled Shotgun) |
| | Count 2 |
| | 26 U.S.C. §§ 5841, 5845(a)(6), & (b), 5861(d), and 5871 |
| | (Possession of an Unregistered Firearm, a Machinegun) |
| | Counts 3 and 4 |
| | 18 U.S.C. §§ 922(j) and 924(a)(2) |
| | (Possession of Stolen Firearm) |
| | Count 5 |
| | 18 U.S.C. § 1344(2) (Bank Fraud) |
| | Count 6 |
| | 18 U.S.C. § 1343 (Wire Fraud) |
| | Count 7 |
| | 18 U.S.C. § 924(d) |
| | 28 U.S.C. § 2461(c) |
| | 18 U.S.C. § 982(a)(2)(A) |
| | Forfeiture Allegation |

**THE GRAND JURY CHARGES:**

## Count 1

### Engaging in the Business of Dealing Firearms Without a License

### [Title 18 U.S.C. §§ 922(a)(1)(A), 923(a)(3), and 924(a)(1)(D)]

Beginning on a date unknown, but starting no later than the February 2023, and continuing to on about November 3, 2023, in the District of Arizona, the Defendant, STEVEN SAMUEL JUNG RUBIN, not being a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, did willfully engage in the business of dealing firearms.

In violation of Title 18, United States Code, Sections 922(a)(1)(A), 923(a)(3), and 924(a)(1)(D).

## Count 2

### Possession of an Unregistered Firearm, a Short-Barreled Shotgun

### [Title 18 U.S.C. §§ 5841, 5845(a)(1), 5861(d), and 5871]

On about September 9, 2023, at or near Tucson, in the District of Arizona, STEVEN SAMUEL JUNG RUBIN knowingly possessed a firearm as defined in Title 26, United States Code, Section 5845; that is: one (1) Mossberg, model 590, 12 gauge shotgun, a shotgun having a barrel or barrels of less than 18 inches in length, not registered to RUBIN in the National Firearms Registration and Transfer Record.

All in violation of Title 26, United States Code, Sections 5841, 5845(a)(1), 5861(d), and 5871.

## Count 3

### Possession of an Unregistered Firearm, a Machinegun

### [Title 18 U.S.C. §§ 5841, 5845(a)(6), & (b), 5861(d), and 5871]

On or about November 3, 2023, at or near Tucson, in the District of Arizona, STEVEN SAMUEL JUNG RUBIN did knowingly possess a firearm as defined in Title 26, United States Code, Section 5845, that is, one (1) Black Creek Precision, model B15 rifle, modified into a machinegun, not registered to RUBIN in the National Firearms Registration and Transfer Record.

All in violation of Title 26, United States Code, Sections 5841, 5845(a)(6), & (b), 5861(d), and 5871.

### Count 4

### Possession of an Unregistered Firearm, a Machinegun

### [Title 18 U.S.C. §§ 5841, 5845(a)(6), & (b), 5861(d), and 5871]

Beginning at a time unknown to on or about November 27, 2023, at or near Tucson, in the District of Arizona, STEVEN SAMUEL JUNG RUBIN did knowingly possess a firearm as defined in Title 26, United States Code, Section 5845, that is, one (1) Harrington and Richardson, model M14, 7.62 caliber machinegun, not registered to RUBIN in the National Firearms Registration and Transfer Record.

All in violation of Title 26, United States Code, Sections 5841, 5845(a)(6), & (b), 5861(d), and 5871.

### Count 5

### Possession of Stolen Firearm

### [Title 18 §§ 922(j) and 924(a)(2)]

Beginning at a time unknown to on or about November 27, 2023, at or near Tucson, in the District of Arizona, STEVEN SAMUEL JUNG RUBIN knowingly possessed a stolen firearm, that is: one (1) Harrington and Richardson, model M14, 7.62 caliber machinegun, which had been shipped and transported in interstate or foreign commerce, the defendant knowingly and having reasonable cause to believe the firearm was stolen.

All in violation of Title 18, United States Code, Sections 922(j) and 924(a)(2).

### Count 6

### Bank Fraud

### [Title 18 U.S.C. § 1344(2)]

On or about September 8, 2022, through September 23, 2022, in the District of Arizona, in Tucson, the defendant, STEVEN SAMUEL JUNG RUBIN, knowingly executed, and attempted to execute, a scheme or artifice to: (1) defraud a financial institution; and (2) obtain any money, funds, credits, assets, securities, or other property

owned by or under the custody or control of such financial institution, by means of material false or fraudulent pretenses, representations, or promises.

### The Scheme to Defraud

Between September 8, 2022, through September 23, 2022, the defendant, STEVEN SAMUEL JUNG RUBIN, with intent to defraud, induced his victims to write checks issued to the United States Bureau of Alcohol, Firearms, and Explosive ("BATFE"). RUBIN, without authorization or any lawful authority, deposited these checks into his own Vantage West Credit Union ("VWCU") account.

As part of the scheme, RUBIN offered to sell firearms, including machineguns, to various victims and falsely told his victims that he was a licensed firearms dealer. In order to proceed with the sale, RUBIN falsely told victims that they would have to pay $200.00 to the BATFE for the transfer of the machineguns. The firearms sales were a scam; RUBIN had no intention of transferring firearms to the victims. RUBIN directed the victims to write checks payable to the BATFE. RUBIN, without any lawful authorization or authority, deposited the following checks made payable to the BATFE into RUBIN's own Vantage West Credit Union ("VWCU") account, a federally insured financial institution, as reflected in the following transactions:

(1) Check number 3149 dated September 8, 2022, written on the J.P. Morgan Chase Bank, N.A. account of victims G.C. and K.G. made payable to BATFE for $200.00 deposited by RUBIN into his VWCU account on or about September 22, 2022.

(2) Check number 3150 dated September 8, 2022, written on the J.P. Morgan Chase Bank, N.A. account of victim G.C. and K.G. made payable to BATFE for $200.00 deposited by RUBIN into his VWCU account on or about September 22, 2022.

By depositing these checks, RUBIN fraudulently misrepresented to VWCU that he was the lawful payee of these checks and was entitled to the funds when RUBIN knew he had no such authority.

1    All in violation of Title 18, United States Code, Section 1344(2).

2

### Count 7

3

### Wire Fraud

4

**[18 U.S.C. § 1343]**

5    Between on or about September 8, 2022, through September 23, 2022, in the District

6 of Arizona, the defendant, STEVEN SAMUEL JUNG RUBIN, with the intent to defraud,

7 knowingly participated in, devised, and intended to devise, a scheme and artifice to defraud

8 (as set forth in the scheme to defraud charged in Count 6, Bank Fraud, and further described

9 herein), and a scheme and artifice, to obtain money by means of materially false and

10 fraudulent representations, promises, and the intentional concealment of material facts.

11    RUBIN fraudulently offered to sell victim G.C. various firearms, including

12 machineguns, for $65,000.00. G.C. paid RUBIN the purchase price in full. As part of the

13 scheme, RUBIN falsely told G.C. that RUBIN held a federal firearms license and that he

14 was authorized to sell machineguns. RUBIN directed G.C. to the BATFE website to

15 download ATF Form 4, a document required for the transfer of machineguns. G.C., at

16 RUBIN's direction, downloaded and completed the ATF Form 4.

17

### Execution of the Scheme by Wire Communication

18    On or about September 8, 2022, within the District of Arizona, and elsewhere,

19 RUBIN, for the purpose of and as an essential part of executing the scheme to defraud,

20 transmitted, and knowingly caused to be transmitted by means of wire and electronic

21 communication signals in interstate commerce or foreign commerce, to wit: an electronic

22 communication through the internet when G.C. downloaded ATF Form 4.

23 All in violation of Title 18, United States Code, Section 1343

24

### FORFEITURE ALLEGATION

25    Upon conviction of Count One of this Indictment, defendant, STEVEN SAMUEL

26 JUNG RUBIN, shall forfeit to the United States, pursuant to Title 18, United States Code,

27 Section 924(d), and Title 28, United States Code, Section 2461(c), any firearms, and

28 ammunition involved in the commission of the offense, including, but not limited to:

| Line # | Asset Description |
|--------|-------------------|
| 1 | Heckler & Koch, model SP89, 9mm caliber pistol |
| 2 | Heckler & Koch, .45 ACP caliber pistol |
| 3 | 200 rounds of Federal .308 AP ammunition |
| 4 | 2,380 rounds of .300 caliber ammo |
| 5 | RPB, model M10, 9mm caliber pistol |
| 6 | Aero Precision 18" DMR, 5.56 caliber rifle |
| 7 | Silencerco, model Omega, .300 Blackout pistol |
| 8 | Heckler & Koch, 7.62x51mm caliber rifle |
| 9 | Kriss, model Vector SDP, .45 ACP caliber pistol |
| 10 | Glock, model 27, 40 S&W caliber pistol |
| 11 | Kalashnikov, USA, 9mm caliber pistol |
| 12 | Century Arms International, 7.62x39mm caliber rifle |
| 13 | Black Creek Precision model B15, machinegun with serial number B1500018 |

Upon conviction of Counts 6 and 7 of this Indictment, defendant, STEVEN SAMUEL JUNG RUBIN, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(2)(A), any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violations.

The property to be forfeited includes but is not limited to: an amount not less than $65,400.00 in U.S. currency, which constitutes a sum of money equal to the amount of proceeds obtained as a result of the offenses.

If any of the property described above, as a result of any act or omission of the defendant: a) cannot be located upon the exercise of due diligence; b) has been transferred or sold to, or deposited with, a third party; c) has been placed beyond the jurisdiction of the court; d) has been substantially diminished in value; or e) has been commingled with other property which cannot be divided without difficulty, it is the intent of the United

States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of said defendant up to the value of the above-described forfeitable property, including, but not limited to, all property, both real and personal, owned by the defendant.

All pursuant to Title 18, United States Code, Section 924(d); Title 28, United States Code, Section 2461(c); Title 18, United States Code, Section 982(a)(2)(A); and Rule 32.2(a) of the Federal Rules of Criminal Procedure.

A TRUE BILL

/s/
FOREPERSON OF THE GRAND JURY
Dated: June 26, 2024

REDACTED FOR
PUBLIC DISCLOSURE

GARY M. RESTAINO
United States Attorney
District of Arizona

/s/
ADAM D. ROSSI
Assistant U.S. Attorney